# IN THE UNITED STATES DISTRICT COURT
# FOR SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**OCTAVIO SOLANO-RODRIGUEZ,**

       **Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

       **Respondent.**

**CASE NO. 2:06-cv-768**
**CRIM. NO. 2:05-cr-92(3)**
**JUDGE MARBLEY**
**MAGISTRATE JUDGE KEMP**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the instant petition, respondent's return of writ, and the exhibits of the parties.

Petitioner's objection to respondent's request for additional time within which to file the Return of Writ due to a medical problem, Doc. No. 99, is **OVERRULED**. On September 12, 2006, the Court ordered a Return of Writ within twenty days. Doc. No. 90. On October 25, 2006, the Court issued an order to show cause why the petition should not be granted. Doc. No. 96. On November 3, 2006, respondent responded by indicating that he inadvertently failed to calendar the date that the response was due or to send a copy of the petition to defense counsel, and then was out of the office for medical reasons for one week. *See* Doc. No. 97. On November 7, 2006, respondent filed an answer to the petition. Doc. No. 98.

Respondent's request for leave to file the Return of Writ on or before November 8, 2006, Doc. No. 97, is **GRANTED**. Petitioner's motion for judgment on the pleadings, Doc. No. 100, later withdrawn by petitioner, *see* Doc. No. 102, is **DISMISSED.** Petitioner's motion for an order to

compel the government to respond to his petition, Doc. No. 102, is **DENIED**, as moot.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## I. PROCEDURAL HISTORY

On April 7, 2005, petitioner was indicted on one count of conspiracy to possess with the intent to distribute more than five kilograms of cocaine and more than five hundred grams of a substance containing methamphetamine, and one count of possession with intent to distribute more than five kilograms of cocaine and more than five hundred grams of a substance containing methamphetamine, in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §841(b)(1)(A)(ii), (viii), and 21 U.S.C. §846.  Doc. No. 12.  While represented by counsel and pursuant to a plea agreement signed on July 14, 2005, on July 22, 2005, petitioner pleaded guilty to count one of the indictment. Doc. Nos. 41, 50.  On May 12, 2006, petitioner was sentenced to eighty-seven months incarceration and five years supervised release.  Doc. No. 83.  No appeal was filed.

On September 8, 2006, petitioner filed the instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255.  He asserts as follows:

> 1. Denial of the effective assistance of counsel.
>
> Counsel failed to challenge any grounds that I intend to raise herein. Counsel failed to file an appeal on my behalf.  Counsel failed to file a Rule 12(b)(3)(A)(B) motion pursuant to the Federal Rules of Criminal Procedure, wherein the indictment fails to invoke the Court's jurisdiction and fails to state an offense that is punishable by imprisonment, and that there is a defect in instituting the prosecution[.] [T]he prosecutor had no authority to go to a grand jury and cause me to be indicted on 'unlawful acts' that have no punishment in the letter of the statute and fails to define a 'capital or infamous crimes.'  There is but one conspiracy statute for crimes, Title 18 U.S.C. §371.  Improper and irregular process in bringing forth a charge of crime and the Court was without jurisdiction to

> impose the sentence, indictment fails to state a crime.
>
> 2. Prosecutorial misconduct.
>
> Someone from the prosecutor's office.... took it upon themself [sic] to go to the grand jury and cause the grand jury to return an indictment against me for an act that does not define a criminal felony that is a requirement for a grand jury indictment, and the act fails to list its punishment under the letter and the necessary meaning of the act creating it. It fails to meet the standard set forth in a penal statute, and is a uniform statute. Therefore, the conspiracy act pursuant to 21 U.S.C. §846 is void, there is but one conspiracy statute, Title 18 U.S.C. §371.

It is the position of the respondent that petitioner's claims are procedurally defaulted or without merit.

## II. MERITS

Respondent contends that petitioner has waived the right to bring his claims in federal habeas corpus proceedings because he failed to raise these same issues on direct appeal; however, claims of ineffective assistance of counsel are properly raised in the first instance in a motion under 28 U.S.C. §2255. *United States v. Delgado*, 350 F.3d 520, 527 (6th Cir. 2003), citing *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996).

Petitioner's claim of prosecutorial misconduct, however, should have been raised on direct appeal, but was not. Therefore, before such claim will be entertained on collateral review, petitioner must show cause why he did not previously object and "actual prejudice" resulting from the error. *Napier v. United States,* 159 F.3d 956, 961 (6 Cir.1998), citing *United States v. Frady,* 456 U.S. 152, 167-68 (1982). The Court presumes that petitioner asserts the ineffective assistance of appellate counsel as cause for his procedural default of claim three. *See Edwards v. Carpenter,* 529 U.S. 446, 453 (2000). Nonetheless, both of petitioner's claims of ineffective assistance of counsel are without

merit. Petitioner therefore has failed to establish cause and prejudice for the procedural default of his claim of prosecutorial misconduct.

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687 (1984); *see also Blackburn v. Foltz,* 828 F.2d 1177 (6th Cir.1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.,* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.,* at 697. Because the petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland,* 466 U.S. at 697.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp,* 483 U.S. 776 (1987).

Counsel must provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey,* 469 U.S. 387, 396-97 (1985). " '[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray,* 477 U.S. 527, 536 (quoting *Jones v. Barnes,* 463 U.S. 745, 751-52 (1983)).

Petitioner asserts that his attorney improperly failed to file a notice of appeal on his behalf. An attorney's failure to file an appeal after being requested to do so constitutes ineffective assistance of counsel. *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000), citing *Rodriquez v. United States,* 395 U.S. 327 (1969); *Peguero v. United States,* 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit").

> This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes. At the other end of the spectrum, a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently. *See Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (accused has ultimate authority to make fundamental decision whether to take an appeal).

*Roe v. Flores-Ortega, supra.*

Here, there is simply nothing in the record suggesting that petitioner's counsel disregarded a direct instruction from petitioner to appeal the judgment. The only statements made by petitioner about this matter are contained in the petition itself. There, petitioner states only that "[c]ounsel

5

failed to file an appeal on my behalf." (*Petition,* at 4). Significantly, however, petitioner does not indicate that he actually requested his attorney to file an appeal on his behalf. Defense counsel R. William Meeks has stated under oath that petitioner did not want to appeal:

> Mr. Solano claims that I failed to file an appeal on his behalf. Following the imposition of sentence in this case, which represented a sixty-four month downward departure from the bottom of the otherwise applicable guideline range, Mr. Solano indicated that he did not want to appeal this Court's sentence. Accordingly, I did not submit a notice of appeal on his behalf.

*Affidavit, R. William Meeks*. The Court explicitly advised petitioner of his right to file an appeal at the sentencing hearing. Petitioner indicated that he did not want an appeal filed on his behalf:

> Mr. Solano, you have the right to appeal this sentence. If you cannot afford an appeal, you have the right to apply for leave to file an appeal *in forma pauperis* which means without the payment of any costs or expense to you. If that application is granted, the clerk will file a notice of appeal within 10 days of the time that I enter judgment on your sentence.
>
> Do you wish the Court to direct the clerk's office to file a notice of appeal on your behalf at this time?
>
> DEFENDANT: No, your Honor.

*Sentencing Transcript*, May 1, 2006, at 12, Doc. No. 104. In view of the foregoing, petitioner's claim that he was denied the effective assistance of counsel because his attorney failed to file an appeal is without merit.

Petitioner also contends that he was denied the effective assistance of counsel because his attorney failed to raise an issue that the indictment failed to state a crime, and that the District Court therefore was without jurisdiction, and the prosecutor acted improperly in obtaining the indictment

6

against him. According to petitioner "there is but one conspiracy statute for crimes," *Petition,* at 5, that being 18 U.S.C. §371, and the indictment "fails to state a crime" because it charges him under 21 U.S.C. §846. *Id*. Petitioner's contentions are plainly without merit.

In *United States v. Shabini*, 513 U.S. 10 (1994), the United States Supreme Court held that no overt act in furtherance of the conspiracy is required for a conviction under 21 U.S.C. §846, unlike a conviction under "the general conspiracy statute" of 18 U.S.C. § 371 which "contains an explicit requirement that a conspirator 'do any act to effect the object of the conspiracy.'" *Id*., at 14-15. Thus, the Supreme Court upheld the defendant's conviction under 21 U.S.C. §846, necessarily upholding the statute as constitutionally valid. The United States Court of Appeals for the Sixth Circuit, also has necessarily concluded that a conviction under the conspiracy statute, 21 U.S.C. §846 is constitutionally valid, *see United States v. Brown,* 221 F.3d 336, unpublished, 2000 WL 876382 (6th Cir. June 20, 2000)(discussing the requirements for a conviction under 21 U.S.C. §846), citing *United States v. Gibbs,* 182 F.3d 408, 420 (6th Cir. 1999); *United States v. Spearman,* 186 F.3d 743, 746 (6th Cir. 1999); *United States v. Anderson,* 89 F.3d 1306, 1310 (6th Cir.1996); *United States v. Layne,* 192 F.3d 556, 568 (6th Cir.1999), and concluded that the statute constitutes a valid exercise of Congress' power under the Commerce Clause. *United States v. Brown, supra,* citing *United States v. Tucker*, 90 F.3d 1135, 1140 (6th Cir.1996)(other citations omitted). *See also Stover v. United States*, 2007 WL 928643 (6th Cir. March 27, 2007):

> The federal drug laws have ...been upheld as a constitutional exercise of Congress' power under the Commerce Clause. *See Gonzales v. Raich,* 545 U.S. 1, 22 (2005) (plurality opinion) (concluding that Congress may regulate the mere possession of marijuana as affecting "commerce").

*Id*.

Petitioner's allegation of prosecutorial misconduct for obtaining an indictment against petitioner under 21 U.S.C. §846, if raised by appellate counsel, would have been reviewed on direct appeal for plain error due to the lack of any objection by trial counsel. *See United States v. Treadway,* 328 F.3d 878, 883 (6th Cir.2003), citing *United States v. Slone,* 833 F.2d 593, 598 (6th Cir.1987); Fed.R.Crim.P. 52(b).

> In order to succeed under the plain error standard of review, [petitioner] must show that: (1) an error occurred in the district court, (2) that was plain, (3) which affected substantial rights, (4) and seriously interfered with the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Vincent,* 20 F.3d 229, 234 (6th Cir.1994). Thus, before a court of appeals can correct a district court's plain error, we must observe not only a readily apparent error but also determine that such error was prejudicial and resulted in a miscarriage of justice. *See Olano,* 507 U.S. at 735-36, 113 S.Ct. 1770, 123 L.Ed.2d 508.

*United States v. Treadway,* 328 F.3d 878, 883 (6th Cir. 2003); *see also United States v. Henning,* 286 F.3d 914, 920 (6th Cir.2002). Petitioner cannot meet this standard here. The record does not reflect any basis for petitioner's allegation of prosecutorial misconduct, or his claim that the indictment was constitutionally defective.

> [T]he right to appellate representation does not include a right to present frivolous arguments to the court. *Strickland,* 486 U.S. at 436. In fact, an attorney is "under an ethical obligation to refuse to prosecute a frivolous appeal." *Smith v. Robbins,* 528 U.S. 259, 272 (2000) (quoting *McCoy v. Court of Appeals of Wis., Dist. 1,* 486 U.S. 429 (1988)).... [T]he prosecutor's decision to prosecute Stover under 21 U.S.C. §§ 846, 843, and 841 in no way constitutes prosecutorial misconduct.

*Stover v. United States, supra.* In sum, petitioner has failed to establish either the ineffective assistance of counsel due to his attorney's failure to raise an issue that the indictment failed to state a crime, or that the Court therefore was without jurisdiction, or cause and prejudice for his

procedural default of his claim of prosecutorial conduct due to appellate counsel's failure to raise an issue that the prosecutor improperly obtained an indictment under 21 U.S.C. §846.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

<pre>
                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge
</pre>