**IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**OCTAVIO SOLANO-RODRIGUEZ,**            **CASE NO. 2:06-cv-768**
                                                                  **CRIM. NO. 2:05-cr-92(3)**
                                                                  **JUDGE MARBLEY**
            **Petitioner,**                                **MAGISTRATE JUDGE KEMP**

**v.**

**UNITED STATES OF AMERICA,**

            **Respondent.**

<u>**OPINION AND ORDER**</u>

On August 9, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 be dismissed.  The Court granted two requests by petitioner for an extension of time to file objections to the Magistrate Judge's *Report and Recommendation*. *See* Doc. Nos. 110-114.  However, on January 18, 2008, petitioner filed a "Motion to Reconsider Sentencing Rule 60," in which he now asserts that his guilty plea was coerced, not knowing, intelligent or voluntary, and that he was denied the effective assistance of counsel because his attorney failed to conduct an adequate investigation, induced petitioner to plead guilty, suffered a conflict of interest, and did not advise petitioner of any viable grounds for appeal.  Petitioner requests that the Court to reconsider his sentence. *See Motion*.  For the reasons that follow, petitioner's motion, Doc. No. 115, will be **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action hereby is **DISMISSED**.

Petitioner did not raise any of the claims he now asserts in his motion in his September 8, 2006, §2255 petition.  Instead, he asserted that he was denied the effective assistance of counsel because his attorney failed to file an appeal and failed to challenge the validity of the indictment or the jurisdiction of the Court.  Petitioner also asserted that he was denied a fair trial due to prosecutorial misconduct in obtaining the indictment.  See Doc. No. 88.  Further, the statute of limitations now bars amendment of petitioner's §2255 petition with these new claims.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year statute of limitations is imposed on the filing of habeas corpus petitions.   28 U.S.C. § 2255 provides, in pertinent part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Although petitioner timely filed his §2255 petition, the statute of limitations is not tolled

during the time that such a petition is pending in a federal district court, *Duncan v. Walker*, 533 U.S. 167, 172 (2001). Therefore, the statute of limitations has long since expired, and new claims are time-barred unless those claims "relate back" to the date the initial petition was filed within the meaning of Federal Rule of Civil Procedure 15.[1] *See Mayle v. Felix,* 545 U.S. 644 (2005). Petitioner cannot meet this standard here.

In *Mayle v. Felix, supra,* the petitioner initially asserted in habeas corpus proceedings that he had been denied his right to confront witnesses by admission at trial of tape

---

[1] Federal Rule of Civil Procedure 15 provides in relevant part as follows:

(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

* * *

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....

Federal Rule of Civil Procedure 15.

recorded statements of a prosecution witness. He later attempted to amend his petition to

include a claim that he also had been denied a fair trial by admission of pre-trial statements

to police which, he alleged, were coerced. *See id.*, at 648-49. The Supreme Court reversed

the Court of Appeals decision that permitted the amendment to the petition, holding:

> An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Id.*, at 650. The Supreme Court stated:

> Congress enacted AEDPA to advance the finality of criminal convictions. *See Rhines v. Weber,* 544 U.S. 269, ----, 125 S.Ct. 1528, 1534, 161 L.Ed.2d 440 (2005). To that end, it adopted a tight time line, a one-year limitation period ordinarily running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance.... Given AEDPA's "finality" and "federalism" concerns, *see Williams v. Taylor,* 529 U.S. 420, 436, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000); *Hicks,* 283 F.3d, at 389, it would be anomalous to allow relation back under Rule 15(c)(2) based on a broader reading of the words "conduct, transaction, or occurrence" in federal habeas proceedings than in ordinary civil litigation, *see supra,* at ---- ---- 10-12.
>
> * * *
>
> ... So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order.... Our reading is consistent with the general application of Rule 15(c)(2) in civil cases ... with Habeas Corpus Rule 2(c) ... and with AEDPA's installation of a tight time line

4

for § 2254 petitions ....

*Id., at 662-63* (Citations and footnotes omitted.) In a footnote, the Supreme Court gave examples of claims "tied to a common core of operative facts" that would relate back to the original filing:

> For example, in *Mandacina v. United States,* 328 F.3d 995, 1000-1001 (C.A.8 2003), the original petition alleged violations of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), while the amended petition alleged the Government's failure to disclose a particular report. Both pleadings related to evidence obtained at the same time by the same police department. The Court of Appeals approved relation back. And in *Woodward v. Williams,* 263 F.3d 1135, 1142 (C.A.10 2001), the appeals court upheld relation back where the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted. *See also 3 J. Moore, et al., Moore's Federal Practice* § 15.19[2], p. 15-82 (3d ed.2004) (relation back ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory").

*Mayle v. Felix, supra,* 125 S.Ct. at 2575 n. 7. The United States District Court for Arizona in *Schurz v. Schriro,* 2006 WL 89933 (D.Arizona, January 11, 2006), gave further examples of situations covered by the Supreme Court's holding in *Mayle v. Felix, supra,* as follows:

> See Davenport v. United States, 217 F.3d at 1341, 1346 (11th Cir.2000) (stating that newly-offered claims of IAC do not relate back to timely-filed claims of IAC because they were based on different sets of facts); *United States v. Pittman,* 209 F.3d 314, 317-18 (4th Cir.2000) (stating that claims regarding obstruction of justice enhancement and failure of counsel to file an appeal do not relate back to claims that the district court lacked jurisdiction to impose an enhanced sentence and the government failed to establish by a preponderance of the

evidence that the drugs at issue were crack cocaine); *United States v. Duffus,* 174 F.3d 333, 337-38 (3rd Cir.1999) (stating that a claim of IAC for failing to move to suppress evidence did not relate back to a claim of IAC for failing to contend on appeal that evidence was insufficient to support conviction); *United States v. Craycraft,* 167 F.3d 451, 457 (8th Cir.1999) (stating that IAC claims alleged in a timely-filed petition were separate from other IAC claims because "[f]ailing to file an appeal is a separate occurrence in both time and type from a failure to pursue a downward departure or failure to object to the type of drugs at issue"). However, in contrast, if the new claim merely clarifies or amplifies a claim or theory already in the original petition, the new claim may relate back to the date of the original petition and avoid a time bar. *See Woodward v. Williams,* 263 F.3d 1135, 1142 (10th Cir.2001).

*Id.*

> [A] "petitioner does not satisfy the Rule 15 "relation back" standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance. *See, e.g., Davenport v. United States,* 217 F.3d 1341, 1346 (11th Cir.2000); *Duffus,* 174 F.3d at 337.

*United States v. Ciampi,* 419 F.3d 20, 24 (1st Cir.2005)(footnote omitted); *see also McClean v. United States,* unpublished, 2005 WL 2172198 (11th Cir. September 8, 2005)(untimely claims of ineffective assistance of counsel due to attorney's failure to show defendant a videotape of the drug transaction and its effect on plea negotiations do not relate back to ineffective assistance of counsel for failing to prepare adequately for trial); *but see Serrano v. Burge,* unpublished, 2005 WL 2063765 (S.D.N.Y. August 22, 2005)(claims of improper admission of evidence and prosecutorial misconduct relate to claim of ineffective assistance of

appellate counsel for failure to raise such claims on appeal).

Here, petitioner now alleges that his guilty plea was coerced, not knowing, intelligent or voluntary, and that he was denied the effective assistance of counsel because his attorney did not investigate possible defenses, induced him to plead guilty, suffered a conflict of interest, and failed to advise him of viable grounds for appeal.  These claims differ in both time and type from his initial timely allegations of ineffective assistance of counsel due to his attorney's failure to file an appeal, failure to raise an issue regarding an allegedly defective indictment or to challenge the District Court's jurisdiction, and prosecutorial misconduct.  None of his new claims are tied to the same "common core of operative facts" so as to relate back to the date petitioner filed his §2255 petition.  *See Mayle v. Felix, supra*.  Thus, the claims are time-barred.

To the extent that petitioner's motion may be viewed under Federal Rule of Civil Procedure 60(b), the motion is premature, as final judgment of dismissal has not yet been entered.[2]  The Court additionally notes that a Rule 60(b) motion which presents new claims

---

[2]  Federal Rule of Civil Procedure 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

for relief or new evidence in support of a previously dismissed habeas corpus claim constitutes a successive petition within the meaning of the Antiterrorism and Effective Death Penalty Act, and must be transferred to the Court of Appeals for authorization for filing.  *See Gonzalez v. Crosby*, 545 U.S. 524 (2005); 28 U.S.C. §2244(b)(3)(A).

For all of the foregoing reasons, petitioner's motion, Doc. No. 115, is **DENIED**. Although the parties were specifically advised of the right to object to the Magistrate Judge's *Report and Recommendation*, and of the consequences of failing to do so, petitioner has not raised any objections to the Magistrate Judge's *Report and Recommendation*. Therefore, the *Report and Recommendation* therefore is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge

---

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.